UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE,<br>on behalf of herself and all others<br>similarly situated<br><br>    Plaintiff,<br>    vs.<br><br>RENTGROW, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.  26-<br><br>CLASS ACTION<br><br>Jury Trial Demanded |

CLASS ACTION COMPLAINT

I.    PRELIMINARY STATEMENT

1.    This is a consumer class action based upon Defendant's willful violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") seeking relief for Defendant's widespread violations thereof.

2.    Like many other states, the Commonwealth of Pennsylvania has expanded access to criminal record clearing, making it easier for individuals with low-level criminal convictions to get such records sealed and unavailable for public access. Pennsylvania was the first state in the country to pass a Clean Slate law, which seals non-conviction records and other minor and old conviction records from public view through an automated process. 18 PA.C.S. 9122.2.[1] Thirteen other states around the country now have Clean Slate laws. In addition to Clean Slate automated sealing, Pennsylvania has also expanded the types of convictions that can be sealed via petition. 18 Pa.C.S. 9122.1. [2] One of the explicit stated purposes of these record clearing initiatives, including Pennsylvania's Clean Slate legislation, is to ensure access to employment, housing,

---

[1]    *See also* https://www.justiceactionnetwork.org/news/first-of-its-kind-clean-slate-bill-signed-into-law-in-pennsylvania
[2]    https://www.cleanslateinitiative.org/states

education, and more, for people who have old and minor conviction records by limiting access and use of these records, including by commercial background check companies. Act of June. 28, 2018, P.L. 402, No. 56 ("The General Assembly finds and declares as follows…After less violent individuals convicted of crimes have served their sentences and remained crime free long enough to demonstrate rehabilitation, the individuals' access to employment, housing, education and other necessities of life should be fully restored."). This purpose is codified into law in Pennsylvania via provisions on limiting access to sealed records by non-criminal justice agencies and restrictions on use of sealed records. 18 Pa.C.S. 9121(b.1), (b.2); 18 Pa.C.S. 9122.5.

3.    Pennsylvania facilitates the process of removal of such sealed records by offering the "Lifecyle file," a weekly data file provided to subscribers by the Pennsylvania court system, which permits the maintenance of current case records. Sharon M. Dietrich, *Ants Under the Refrigerator? Removing Expunged Cases from Commercial Background Checks*, CRIM. JUST. Winter 2016, at 27 (herein, "Deietrich, *Ants Under the Refrigerator*"); *see also* ¶ 26 *infra*.

4.    Notwithstanding the widespread publicity of Pennsylvania Clean Slate and other states' record clearing initiatives, and the availability of the Lifecycle file, Defendant nonetheless continues sell prejudicial, misleading and inaccurate background reports to consumers' prospective landlords which include records that have been expunged, sealed, or otherwise removed from public view because they are no longer considered appropriate or relevant evidence concerning the consumer's current circumstances. As a matter of standardized practice and procedure, Defendant fails to timely or adequately update its records before selling such reports to either eliminate such expunged or sealed records, or minimally to show that such cases have been expunged or sealed, thus not accurately reflecting the final disposition.  Defendant thus routinely published defamatory, harmful, misleading, and inaccurate tenant screening consumer reports to landlord and property managers in violation of FCRA section 1681e(b).

2

5.      Defendant's practices harm individual consumers seeking rental housing by prejudicing their prospective landlords with inaccurate, adverse information, thus harming interstate commerce.

6.      Defendant's practices also flout the foundational purpose of Pennsylvania's Clean Slate Law and other similar criminal record expungement and sealing procedures, denying consumers the fresh start to which they are entitled under the law.

## II.      JURISDICTION AND VENUE

7.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

8.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.      PARTIES

9.      Plaintiff Jane Doe is an adult individual and citizen of the Commonwealth of Pennsylvania who resides in Philadelphia, Pennsylvania.

10.      Defendant RentGrow, Inc. ("RentGrow") is a Delaware corporation that maintains its principal place of business in Waltham, Massachusetts. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" ("CRA") within the meanings of 15 U.S.C. §§ 1681a(b) and (f), respectively.

## IV.      FACTUAL ALLEGATIONS

### A.      Defendant's Practices As A Consumer Reporting Agency

11.      At all times pertinent hereto, Defendant was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

12.      Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by CRAs, including public record information.

3

13.    Defendant obtains distilled and incomplete public record information, including criminal record history, from third party databases and courthouses and maintains such data in consumer files that it creates and assembles.

14.    Defendant sells such consumer files to landlords and property managers wishing to investigate the background of individuals who make rental applications.

15.    Defendant prepares reports using practices and procedures that are standardized and largely automated.  It does not "reinvent the wheel" when it prepares each report.

16.    As a CRA, Defendant is also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. § 1681e(b).

17.    Defendant does not, however, follow reasonable procedures designed to insure that such information is complete and up to date, nor does it utilize reasonable procedures designed to assure maximum possible accuracy.  Based upon a common policy and practice, Defendant regularly and illegally reports criminal records that have been sealed or expunged by court order.

18.    At all times relevant to Plaintiff's allegations, Defendant did not conduct any independent review of publicly available records at the time it prepared tenant screening consumer reports to ensure that criminal cases were still publicly available for reporting.

19.    Defendant's practices not only violate the FCRA as a matter of law, the practices exact serious consequences on consumer job applicants and interstate commerce.  Consumers who have attempted to obtain the deletion of negative background history are prejudiced in their ability to adequately determine whether the information is being accurately reported.

20.    Despite its duties to maintain strict procedures to assure that criminal record information is complete and up to date, to utilize procedures designed to assure maximum possible accuracy of the criminal record information that it sells to prospective employers, and to notify

4

consumers of the results of a reinvestigation in accordance with section 1681i(6), Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA.

### B. Pennsylvania Clean Slate And Other Sealing and Expungement Programs

21.     Pennsylvania passed its first Clean Slate law in 2018 and has since updated and expanded access to both automated record sealing and petition-based record sealing for individuals who have old and minor conviction records.

22.     Under Clean Slate limited access, non-conviction arrest records are sealed through automation 30 days after final disposition. Low-level misdemeanor convictions are sealed by automation after 7 years from conviction. Qualifying felony drug convictions are sealed by automation after 10 years from conviction. 18 Pa.C.S. 9122.2.

23.     Under the petition-based process, some additional first-degree misdemeanor and third-degree felony convictions are eligible to be sealed. Any offenses that are eligible to be sealed by automation are also eligible to be sealed by petition. 18 Pa.C.S. 9122.1.

24.     The Clean Slate automated process begins with the Administrative Office of Pennsylvania Courts (AOPC) identifying on a monthly basis offenses that are eligible to be sealed. AOPC then sends lists of eligible offenses to the Pennsylvania State Police (PSP) who verifies eligibility. 18 Pa.C.S. 9122.2(b). Local courts then approve and enter official court orders. *Id*. AOPC and PSP then seal their own records from public view. *Id*.

25.     The limited access petition process begins with an individual filing a petition for limited access in the local court of common pleas. Pa.R.Crim.P. 790. The local district attorney can then agree or object and a Judge will ultimately rule on the motion. *Id.* If granted, the local court then sends the information to AOPC and PSP so that each can effectuate sealing of the records. *Id*.

26.    AOPC creates a weekly list of all cases that have been sealed or expunged through automation or petition and sends that list, called the "LifeCycle File" to companies that contract with AOPC to receive access to court records. The LifeCycle File instructs these companies to remove all sealed and expunged records from their databases and to no longer report them on background checks. AOPC's data agreement with these companies is contingent on compliance with the LifeCycle File. *See* Dietrich, *Ants Under the Refrigerator* at 27.

27.    Upon information and belief, Defendant either does not subscribe to the Pennsylvania Lifecycle File, or has failed to adequately implement it.

**B.    The Experience Of The Representative Plaintiff**

28.    In April 2010, Jane Doe was arrested and charged with possession of a controlled substance. She was found guilty in February 2011 and sentenced to probation and participation in a drug treatment program. (the "Criminal Case").

29.    Jane Doe successful completed the drug treatment program, and paid off all of the court fees imposed in connection with her sentence.

30.    Since February 2011, Jane Doe has maintained a clean criminal record, with no other arrests or convictions.

31.    Pursuant to the Clean Slate Law, by Order of the Court of Common Pleas, Philadelphia County,dated  November 15, 2024, all records associated with Jane Doe's Criminal Case were sealed from public view.

32.    The Criminal Case was removed from the AOPC database within days of the expungement order.

33.    Since the implementation of the sealing order, Jane Doe has continued to have a clear criminal record.

34.    In September 2025, Jane Doe applied to rent an apartment located at Sharswood Crossing, 2000 Ridge Avenue, Philadelphia, PA 19121, operated by Pennrose Management as "Sharswood Phase III Part 1 – Family (K406)" ("Sharswood").

35.    In connection with her application, Sharswood requested a report from Defendant concerning Jane Doe.

36.    On or about September 22, 2025, Defendant prepared a consumer report concerning Plaintiff and delivered it to Sharswood.

37.    Defendant prepared this report consistent with its standardized policies, practices and procedures for preparing tenant screening consumer reports.

38.    The September 22, 2025 report improperly and inaccurately included the Criminal Case that had been sealed in November 2024.

39.    Furthermore, the September 22, 2025 report contained no indication that the Criminal Case had been sealed.

40.    Pursuant to its standardized procedures, Defendant recommended that Sharswood reject Jane Doe's rental application, including as the "Reasons for Result" that her purported "Criminal History Does Not Meet Property Requirements."

41.    As of the removal from public view of the sealed Criminal Case from AOPC's database, any preparer of a background check that maintained procedures designed to insure complete and up to date information would have been aware that it was no longer appropriate to report the case.

42.    Defendant reported the sealed Criminal Case on its report concerning Plaintiff more than 10 months after they had been hidden from public view.

43.    Defendant's background report prepared in September 2025 lists the source of the expunged case as "PA AOC Common Pleas Criminal disposition" even though the case had been

7

hidden from public view in AOPC's database before the report was compiled because of the sealing order.

44.    Jane Doe disputed the appearance of the sealed Criminal Case on Defendant's report about her in January 2026.

45.    As a result of Plaintiff's dispute, Defendant removed the Criminal Case from its report about her, conceding that it was not proper to include on consumer reports concerning Jane Doe.

46.    Defendant's practices and procedures described herein affected not only the Plaintiff but also other consumers whose records were sealed, expunged, or otherwise removed from the public record.

47.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

48.    At all times pertinent hereto, Defendant's conduct was a result of deliberate policies and practices, was willful, and carried out in reckless disregard for a consumers' rights as set forth under section 1681e(b) of the FCRA, and further assumed an unjustifiably high risk of harm.

49.    Defendant's practices not only violate the FCRA, they exact serious consequences on rental housing applicants and interstate commerce, causing widespread harm to consumers whose criminal cases have been expunged, sealed, or otherwise removed from the public record because a legislature has determined that they should no longer be publicly available for use in tenant screening and other eligibility determinations.

## V.    CLASS ACTION ALLEGATIONS

50.    Plaintiff brings this action individually and as a class action for Defendant's violations of section 1681e(b) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> For the period beginning two (2) years prior to the filing of the Complaint and continuing through the date of judgment, all natural persons residing in the United States and its Territories who were the subjects of consumer reports prepared by Defendant which contained a criminal case which had been expunged, sealed, or otherwise removed from the public record at least thirty (30) days prior to the date of the report.

51.    The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the thousands.  Defendant sells criminal history record information to thousands of businesses throughout the country, and its reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports. There are over 57 million cases to date in Pennsylvania that have been sealed by the Clean Slate automated process, impacting more than 1.6 million Pennsylvanians. Thousands of additional individuals have had their Pennsylvania records sealed via the petition-based process.

52.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include whether Defendant, by employing a policy and practice of disclosing expunged and/or sealed criminal record histories, willfully and negligently violated section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

53.    Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

54.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter.  Plaintiff has secured counsel experienced in handling consumer class actions.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

55.    This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

56.    A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI.    CAUSES OF ACTION

### COUNT ONE – FCRA § 1681e(b)

57.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

58.    Pursuant to sections 1681n and 1681o, Defendant is liable for negligently and willfully violating the FCRA by failing to follow reasonable procedures to assure maximum

10

possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b).

## VII.    JURY TRIAL DEMAND

59.    Plaintiff demands trial by jury on all issues so triable.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against the Defendant as follows:

(a)    That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681o(a);

(c) That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(d)    That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(e)    That judgment be entered in favor of Plaintiff for actual damages;

(f)    That the Court award costs and reasonable attorney's fees; and

(f)    That the Court grant such other and further relief as may be just and proper.

Dated: April 9, 2026                                  Respectfully submitted,

COMMUNITY LEGAL SERVICES, INC.
Jamie Gullen
David Huang
1424 Chestnut Street
Philadelphia, PA  19102
215-981-3700

FRANCIS MAILMAN SOUMILAS, P.C.

By:    s/ James A. Francis

11

James A. Francis
Lauren KW Brennan
1600 Market Street Suite 2510
Philadelphia, PA 19103
(215) 735-8600

Attorneys for Plaintiff and the Class

12