**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANE DOE**, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>*v.*<br><br>**RENTGROW, INC.**,<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 26-2316-KSM** |

## ORDER

**AND NOW**, this 17th day of August, 2026, upon consideration the parties' Stipulated Motion for Order Regarding the Production and Exchange of Confidential Information (Doc. No. 29) and the parties' Proposed Order (Doc. No. 29-1), the Court finds as follows:

1. This is a putative class action brought against Defendant for alleged "violations of the Fair Credit Reporting Act and Pennsylvania's Criminal History Record Information Act." (Doc. No. 29 at 1.) Specifically, there are allegations regarding Defendant RentGrow's reporting of tenant screening information, including Plaintiffs' criminal history information. (*Id.*)

2. A "party seeking a protective order over discovery material must demonstrate that good cause exists for the order." *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (quotation marks omitted). "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." *Id.* In determining whether good cause exists, the court considers: (1) whether the disclosure will violate any private interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the information is being sought for a

legitimate purpose or for an improper purpose; (4) whether the sharing of information among the litigants will promote fairness and efficiency; (5) whether confidentiality is being sought over information important to public health and safety; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* at 671–72.

3. In their motion, the parties seek a protective order covering the confidentiality of: "information relating to RentGrow's proprietary policies and procedures in connection with the reporting of tenant screening information, as well as personal information related to Plaintiffs," including specifically Plaintiffs' "criminal history information" (Doc. No. 29 at 3.) The Court agrees that public disclosure of this information, and in particular the confidential business information from Defendant and the criminal history information from Plaintiffs would harm the interests of both parties, would harm the privacy interests of the individuals discussed in the documents, and is likely to cause embarrassment to nonparties. And the Court also agrees that the documents are highly relevant to Plaintiffs' Fair Credit Reporting Act and state law claims at issue here as well as Defendants' potential defenses. Therefore, the production of the documents pursuant to a protective order will promote fairness and efficiency during discovery. In addition, there is no indication that most of the information sought, which consists of confidential commercial information and personally sensitive information, is of importance to public health and safety. And no party is a public entity or official. Last, the Court finds that although this Fair Credit Reporting and Clean Slate law case is likely of some importance and interest to the public, the Court does not find that this factor outweighs the others.

Having weighed the public and private interest factors, the Court finds good cause for entering the parties' Proposed Order, (Doc. No. 29-1). *See Bonin v. World Umpires Ass'n*, 204

F.R.D. 67, 70 (E.D. Pa. 2001) (entering "a protective order limiting the disclosure and use of any financial information which is produced by the [union] and which is not otherwise in the public domain from an independent source"); *Three Bros. Supermarket Inc. v. United States*, No. 19cv2003, 2020 WL 5749942, at *2 (E.D. Pa. Sept. 25, 2020) (finding *Pansy* factors weighed in favor of protecting personal and financial information for non-party individuals, as well as comparator companies' proprietary business information); *Grant Heilman Photography, Inc. v. Pearson,* No. 11cv4649, 2012 WL 1521954, at *6 (E.D. Pa. Apr. 30, 2012) (finding that the defendant had "a strong interest in keeping its non-public financial information, sales and marketing projections, and forecasts confidential" and that "disclosure of such information would significantly impair [the defendant's] competitiveness in the market"); *Rosenblit v. City of Philadelphia*, No. 20cv3121, 2021 WL 288887, at *6 (E.D. Pa. Jan. 28, 2021) (granting protective order over employee personnel files).

4. For those reasons, it is **ORDERED** that the parties' joint motion (Doc. No. 29) is **GRANTED**, and the Proposed Order (Doc. No. 29-1) is **APPROVED**. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to issue orders concerning the disclosure of documents produced in discovery or at trial, or the Court's power to close proceedings to the public. Any dispute between the parties regarding the confidentiality of court filings that is brought before this Court is governed by Local Civil Rule 26.1 and this Court's Policies and Procedures § II.C.2. And nothing in this Order automatically authorizes the filing of any document under permanent seal.

**IT IS SO ORDERED.**

***/s/ Karen Spencer Marston***

**KAREN SPENCER MARSTON, J.**